DONALD J. O'NEILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Neill v. Commissioner
Docket No. 18792-91
United States Tax Court
T.C. Memo 1992-437; 1992 Tax Ct. Memo LEXIS 459; 64 T.C.M. (CCH) 361; August 3, 1992, Filed *459 For Donald J. O'Neill, pro se. For Respondent: Timothy S. Sinnott and Roxann T. Conrad. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7743A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. In a notice of deficiency dated May 20, 1991, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Sec.
Year
Deficiency
6653(b)(1)
1983
$ 108,254
$ 54,127
1984
103,392
51,696
1985
158,731
79,365
1986
53,185
-- 1987
43,531
-- *460 Additions to Tax Sec.
Sec.
Sec.
Sec.
Year
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
6654
1983
50% of the
--
--
$ 5,921
interest due
on $ 99,059
1984
50% of the
--
--
5,714
interest due
on $ 93,390
1985
50% of the
--
--
8,926
interest due
on $ 156,352
1986
--
$ 39,889
50% of the
2,542
interest due
on $ 51,844
1987
--
32,648
50% of the
2,633
interest due
on $ 43,531
A timely petition was filed on August 19, 1991. At the time of filing the petition herein, petitioner resided in Logansport, Indiana. In response to the Court's order dated August 23, 1991, an amended petition was filed on October 25, 1991, in which petitioner contests generally respondent's determination of deficiencies and additions to tax for each of the years at issue. Respondent's answer to the amended petition makes affirmative allegations of fact in support of the determination that petitioner had unreported income and is liable for the additions to tax for fraud pursuant to section 6653(b)(1) and (2), [2] and for the addition to tax for failure to pay estimated tax pursuant to section 6654(a). Petitioner did not file a reply and respondent filed *461 a motion for the entry of an order that the undenied allegations in the answer to the amended petition be deemed admitted under Rule 37(c). The Court notified petitioner of the filing of this motion, and advised him that if he did not file a reply to respondent's affirmative allegations of fact, the motion would be granted. No reply or response was received from petitioner; thus, respondent's motion was granted and the affirmative allegations of fact were deemed admitted. The following facts in respondent's answer to the amended petition were deemed admitted under Rule 37(c): (a). Petitioner fraudulently, and with intent to evade tax, failed to file Federal Income Tax Returns for the taxable years 1983, 1984, 1985, 1986, and 1987. (b). Petitioner was self-employed as an attorney during the taxable years 1983 through 1987, inclusive. During this time period, petitioner provided tax return preparation services to clients for fees. (c). During the taxable years *462 1983 through 1987, inclusive, petitioner received unreported taxable income from his business activities as an attorney. (d). The petitioner failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of his income producing activities as an attorney for the taxable years 1983 through 1987, inclusive, as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. (e). During the taxable years 1983 through 1987, inclusive, petitioner maintained business account no. 632-724 at the First National Bank of Logansport, Logansport, Indiana. During the taxable year 1987, petitioner maintained business account no. 10-1410-2 at the Farmers & Merchants State Bank of Logansport, Indiana. During the taxable years 1983 through 1985, inclusive, petitioner maintained personal account no. 7132-536 at the First National Bank of Logansport, Logansport, Indiana. During the taxable year 1987, petitioner maintained personal account no. 452430-6-01 at the Farmers & Merchants State Bank of Logansport, Indiana. (f). Petitioner utilized all of the bank accounts referred to in subparagraph (e). above, in *463 conducting his business activities as an attorney. (g). During the taxable years 1983 through 1987, inclusive, petitioner's total bank deposits into his bank accounts were as follows: 1983
1984
1985
Acct. #632-724
$ 87,943.00
$ 79,397.00
$ 197,390.00
Acct. #10-1410-2
-   -   -   Acct. #7132-536
134,409.00
162,712.00
151,533.00
Acct. #452430-6-01
-   -   -   Total:
$ 222,352.00
$ 242,109.00
$ 348,923.00
1986
1987
Acct. #632-724
65,615.00
$ 10,834.00
Acct. #10-1410-2
-   92,743.00
Acct. #7132-536
-   -    Acct. #452430-6-01
-   27,723.00
Total:
$ 65,615.00
$ 131,300.00
(h). Petitioner's total deposits to his bank accounts for the taxable years 1983 and 1984, referred to in subparagraph (g). above, included nontaxable transfers in the respective amounts of $ 12,600.00 and $ 21,369.00. (i). Petitioner's total deposits to his bank accounts for the taxable years 1983 and 1984, referred to in subparagraph (g). above, included nontaxable loans in the amount of $ 5,000.00 for each year. (j). During the taxable years 1983 through 1987, inclusive, petitioner received income from various sources and with respect to his employment *464 as a county attorney, bank director, and member of boards associated with various schools, hospitals and surrounding towns. (k). During the taxable years 1983 through 1987, inclusive, petitioner received the following amounts of income, as reported via Form 1099, from the following sources, which could not be traced to the total bank deposits referred to in subparagraph (g). above. 1983
1984
1985
State of Indiana
-0-  -0-  -0-  Cass County Auditor
-0-  -0-  -0-  County Attorney
$ 7,825.00
$ 9,024.00
-0-  Bank Director
-0-  -0-  $ 8,350.00
Pioneer School
500.00
1,175.00
2,800.00
Town of Royal Center
750.00
750.00
-0-  Memorial Hospital
2,000.00
-0-  -0-  TOTAL:
$ 11,075.00
$ 10,949.00
$ 11,150.00
1986
1987
State of Indiana
-0-  $ 11,000.00
Cass County Auditor
$ 9,193.00
-0-  County Attorney
-0-  -0-  Bank Director
-0-  -0-  Pioneer School
-0-  -0-  Town of Royal Center
-0-  -0-  Memorial Hospital
-0-  -0-  TOTAL:
$ 9,193.00
$ 11,000.00
(l). The total bank deposits set forth in subparagraphs (g)., (h). and (i). above, and the items of income set forth in subparagraph (k). above, constitute *465 petitioner's unreported Schedule C business income for the taxable years 1983, 1984, 1985, 1986 and 1987, in the amounts of $ 215,827.00, $ 226,689.00, $ 360,074.00, $ 75,808.00 and $ 142,800.00, respectively. (m). Petitioner, fraudulently and with intent to evade tax, failed to report his Schedule C business income as set forth in subparagraph (l). above, for the taxable years 1983 through 1987, inclusive. (n). During the taxable years 1983, 1984, 1985, 1986 and 1987, petitioner incurred and paid expenses with respect to his business activities as an attorney and has been allowed a deduction in the respective amounts of $ 18,203.00, $ 21,604.00, $ 18,861.00, $ 19,334.00, and $ 6,839.00. (o). Petitioner received gross dividend income from the following sources and in the following amounts during the taxable years 1983 through 1987, inclusive, which could not be traced to the total deposits in his bank accounts as referred to in subparagraphs (g)., (h). and (i). above: 1983
1984
1985
First National Bank
$ 378.00
-0-   -0-   Community State Bank
825.00
-0-   -0-   First National Bancshares
324.00
$ 648.00
$ 648.00
Community Bankcorp
-0-  825.00
1,110.00
TOTAL:
$ 1,527.00
$ 1,473.00
$ 1,748.00
*466 1986
1987
First National Bank
-0-   -0-   Community State Bank
-0-   -0-   First National Bancshares
$ 162.00
-0-   Community Bankcorp
880.00
$ 550.00
TOTAL:
$ 1,042.00
$ 550.00
(p). Petitioner is entitled to a dividend exclusion in the amount of $ 100.00 for each of the taxable years 1983 through 1986, inclusive. (q). Petitioner, fraudulently and with the intent to evade tax, failed to report net dividend income for each of the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 1,427.00, $ 1,373.00, $ 1,648.00, $ 942.00, and $ 550.00. (r). Petitioner received interest income from the following sources and in the following amounts during the taxable years 1983 through 1987, inclusive, which could not be traced to the total deposits into his bank accounts as referred to in subparagraphs (g)., (h). and (i). above: 1983
1984
1985
First National Bank
$ 93.00
$ 977.00
$ 78.00
Indianapolis Life Insurance
-0-
12.00
-0-
Holly Hills
-0-
-0-
2,807.00
Community State Bank
-0-
-0-
-0-
TOTAL
$ 93.00
$ 989.00
$ 2,885.00
1986
1987
First National Bank
$ 6.00
$ 4.00
Indianapolis Life Insurance
-0-
-0-
Holly Hills
-0-
-0-
Community State Bank
-0-
45.00
TOTAL
$ 6.00
$ 49.00
*467 (s). Petitioner, fraudulently and with the intent to evade tax, failed to report the interest income received for the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 93.00, $ 989.00, $ 2,885.00, $ 6.00, and $ 49.00. (t). During the taxable years 1983 through 1987, inclusive, petitioner was also engaged in the business activity of renting real estate. (u). Petitioner failed to maintain, or to submit for examination by the respondent, complete and adequate books and accounts relating to his rental activities. (v). During the taxable years 1983 through 1987, inclusive, petitioner maintained business account no. 10-0885-4 at the Farmers & Merchants State Bank of Logansport, Indiana for his rental activity known as O'Neill Rentals. (w). During the taxable years 1983, 1984, 1985, 1986 and 1987, petitioner made gross deposits into the bank account pertaining to O'Neill Rentals in the respective amounts of $ 37,975.00, $ 19,450.00, $ 19,200.00, $ 81,884.00, and $ 19,200.00, respectively. (x). The total deposit of $ 37,975.00 for the taxable year 1983 includes a nontaxable transfer in the amount of $ 500.00. (y). Petitioner, fraudulently and with *468 the intent to evade tax, failed to report rental income for the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 37,475.00, $ 19,450.00, $ 19,200.00, $ 81,884.00, and $ 19,200.00. (z). Petitioner incurred and paid expenses relating to his rental activities for the taxable years 1985, 1986 and 1987, in the respective amounts of $ 55.00, $ 468.00, and $ 241.00. (aa). During the taxable years 1983 through 1987, inclusive, petitioner received W-2 wage income from the following sources and in the following amounts which could not be traced to any of the deposits made to his bank accounts as referred to in subparagraphs (g). and (w). above: 1983
1984
1985
1986
Community State Bank
$ 7,500.00
$ 8,200.00
-0-
-0-
Cass County Auditor
6,500.00
6,500.00
$ 6,500.00
$ 270.00
Mutual Security Life Ins.
-0-
-0-
-0-
6,217.00
TOTALS:
$ 14,000.00
$ 14,700.00
$ 6,500.00
$ 6,487.00
(ab). Petitioner, fraudulently and with the intent to evade tax, failed to report W-2 wage income for the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 14,000.00, $ 14,700.00, $ 6,500.00, and $ 6,487.00. (ac). During the taxable *469 year 1986, petitioner sold stock in a corporation known as Broadcort Capital Corporation. In doing so, he realized a gain of $ 14,398.00. This result in a long-term capital gain of $ 5,759.00. (ad). Petitioner, fraudulently and with the intent to evade tax, failed to report the long-term capital gain from the sale of the Broadcort Capital Corporation stock in the year 1986 in the amount of $ 5,759.00. (ae). Petitioner incurred and paid alimony for the taxable years 1983, 1984 and 1986, in the respective amounts of $ 2,500.00, $ 3,000.00, and $ 500.00. (af). Petitioner incurred and paid the following amounts as itemized deductions for the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 14,916.00, $ 18,134.00, $ 42,072.00, $ 27,232.00, and $ 36,965.00. (ag). For the taxable years 1983, 1984, 1985 and 1986, the above-referenced itemized deductions must be reduced by the zero bracket amount in the respective amounts of $ 2,300.00, $ 1,700.00, $ 1,770.00, and $ 2,440.00. (ah). For the taxable years 1983, 1984, 1985, 1986 and 1987, petitioner is entitled to exemptions in the respective amounts of $ 2,000.00, $ 2,000.00, $ 2,000.00, $ 2,160.00, and *470 $ 3,800.00. (ai). Petitioner's failure to file income tax returns for the taxable years 1983 through 1987, inclusive, is part of a five-year pattern demonstrating his intent to evade taxes. (aj). Petitioner's failure to maintain complete and accurate records of his income-producing activities, and his failure to produce complete and accurate records to the respondent in connection with the examination of his income tax returns for the taxable years 1983 through 1987, inclusive, was fraudulent, with the intent to evade tax. (ak). Petitioner fraudulently refused to cooperate with agents of the respondent in an attempt to evade his income tax liabilities for the taxable years 1983 through 1987, inclusive. (al). Petitioner made a false statement to the agents of respondent by stating that he did not have a safety deposit box, when, in fact, he did have such a box. (am). Petitioner made a false statement to the agents of respondent by stating that his only sources of income were from his law practice and rental activities. In fact, petitioner failed to acknowledge that he had other sources of income as set forth in subparagraphs (k). and (aa)., as referred to above. (an). *471 Petitioner made false statements to the agents of respondent by stating that he had no other business or partnership interests, when, in fact, he had an interest in other entities such as the Waldorf Care Association Partnership, Holly Hills Health Care Facility and the Manitou Broadcasting Corporation. In fact, petitioner owned 25 percent of the stock in Manitou Broadcasting Corporation and was the president of that corporation. (ao). Petitioner fraudulently, and with the intent to evade tax, failed to report taxable income on Federal Income Tax Returns for the taxable years 1983, 1984, 1985, 1986 and 1987, in the respective amounts of $ 233,503.00, $ 220, 163.00, $ 329,009.00, $ 123,672.00, and $ 115,024.00. (ap). Petitioner fraudulently, and with the intent to evade tax, failed to report his income tax liabilities on Federal Income Tax Returns for the taxable years 1983, 1984, 1985, 1986, and 1987, in the respective amounts of $ 108,254.00, $ 103,392.00, $ 158,731.00, $ 53,185.00, and $ 43,531.00. (aq). The underpayments of tax as required to be shown on the petitioner's income tax returns for the taxable years 1983, 1984, 1985, 1986 and 1987, are due to fraud with intent *472 to evade taxes. When the instant motion was called for hearing at a motions session of the Court in Washington, D.C., there was no appearance by or on behalf of petitioner. Counsel for respondent appeared at the hearing and presented argument on the motion. Rule 121 provides that a party may move for summary judgment upon all or a part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . The moving party bears the burden of proving that there is no genuine issue of material fact. . Factual inferences are read in a light most favorable to the party opposing summary judgment. ; . In the notice *473 of deficiency, respondent determined that petitioner had unreported income for the years in issue. Respondent further determined that petitioner is liable for the addition to tax for failure to pay estimated income tax pursuant to section 6654(a). With respect to the underlying deficiencies for each of the years at issue, respondent's determinations are presumed to be correct and petitioner has the burden to establish error. Rule 142(a); . Likewise, petitioner has the burden of showing that he is not liable for the addition to tax determined pursuant to section 6654(a). . Respondent further determined that the understatements of income were due to fraud and that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2). [3] Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax for fraud. Sec. 7454(a); Rule 142(b). Fraud is a question of fact and is never presumed. . Respondent's burden *474 is met if it is established that petitioner intended to evade taxes known to be owing or by proving conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. , affg. ; , affg. . Respondent's burden of proving fraud can be met by respondent's well-pleaded allegations of fact deemed admitted pursuant to Rule 37(c). . [4]
*475 The material factual allegations contained in respondent's answer to the amended petition and admitted under Rule 37(c) establish that there were large amounts of omitted income in each of the years in issue. The facts show that, during the years at issue, petitioner was self-employed as an attorney-at-law. He provided tax return preparation services to clients for fees. Also during these years, petitioner was employed as a county attorney, a bank director, and a member of boards relating to schools, hospitals, and surrounding communities, for which he received compensation. Further, petitioner received dividend income for each of the years at issue and also realized capital gains from the sale of property in 1986. Petitioner did not file Federal income tax returns for any of the years in issue and, accordingly, these income items were not reported. Since the admitted facts clearly establish that petitioner had unreported income in 1983, 1984, 1985, 1986, and 1987, respondent is entitled to summary judgment on that issue. See ; , affd. per curiam *476 . The admitted facts herein also leave no question as to petitioner's liability for the addition to tax pursuant to section 6654. Where prepayments of tax, either through withholding or by quarterly estimated tax payments, do not equal the percentage of total liability required under the statute, imposition of the addition under section 6654 applies, unless petitioner can show that one of the several statutorily provided exceptions applies. . Based on the admitted facts, none of those exceptions are applicable here. Thus respondent is entitled to summary judgment with respect to the addition to tax under section 6654. The facts admitted pursuant to Rule 37(c) also satisfy respondent's burden to establish fraud by clear and convincing evidence. Petitioner is an attorney and prepares tax returns for others for a fee. Consequently, petitioner is aware of his duty and responsibility to file tax returns annually. In spite of that knowledge, petitioner failed to file Federal income tax returns for taxable years 1983 through 1987 when he had substantial income. Although *477 the failure to file returns by itself is not sufficient to establish fraud, the failure to file a return can be used to prove fraud in conjunction with other evidence establishing fraud. ; , affd. ; . Other factors present in this record which establish fraud include petitioner's failure to maintain adequate records of the income and expenses relating to his many income-producing activities. ; . Further, the admitted facts show that during the examination petitioner provided false information to respondent, including concealment of known sources of income and a bank safety deposit box. Misleading statements made by a taxpayer during the course of an examination are an indication of fraud. See ; . *478 As an attorney and tax return preparer, petitioner is aware of the obligation to provide the Internal Revenue Service with accurate information concerning income. Petitioner failed to do this. Accordingly, the deemed admitted facts clearly and convincingly establish that for each of the taxable years 1983, 1984, 1985, 1986, and 1987, an underpayment of tax exists and that part of the underpayment is due to fraud with the intent to evade tax. See , affd. . Since no issue of material fact exists with respect to petitioner's liability for the addition to tax for fraud, respondent is entitled to summary judgment on that issue. Respondent's motion for summary judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6653(b)(1)(A) and (B) for 1986 and 1987.↩
3. Sec. 6653(b)(1)(A) and (B) for 1986 and 1987.↩
4. See also ; ; ; ; ; ; ; .↩